## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               Case No. 06-CR-336

**MICHAEL POPP**
   **Defendant.**

### SENTENCING MEMORANDUM

Defendant Michael Popp pleaded guilty to conspiring to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846, and the case proceeded to sentencing. In imposing sentence, the court follows a two-step process: (1) calculate the advisory sentencing guideline range, resolving any disputes necessary to that determination; then (2) determine the actual sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

The parties agreed that defendant qualified for a base offense level of 26, based on a drug weight of 500 grams to 2 kilograms of cocaine, see U.S.S.G. § 2D1.1(c)(7), and that he should receive a 3 level reduction for acceptance of responsibility, see § 3E1.1. Defendant requested a further 2 level reduction under U.S.S.G. § 3B1.2 based on his minor role in the offense.

Section 3B1.2 permits the court to reduce the level by 4 if the defendant was a minimal participant, by 2 if he was a minor participant, and by 3 in cases falling in between. The guideline thus provides a range of adjustments for a defendant who plays a part in committing

the offense that makes him "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). The minimal participant adjustment is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. U.S.S.G. § 3B1.2 cmt. n.4. The minor participant reduction applies to a defendant who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2 cmt. n.5. The defendant bears the burden of showing entitlement to a reduction by a preponderance of the evidence. United States v. Corral, 324 F.3d 866, 874 (7th Cir. 2003).

Defendant argued that he was less culpable than most other participants in the instant drug conspiracy. He noted that although he pleaded guilty to an information alleging a lower drug weight (500+ grams, rather than the 5+ kilograms alleged in the original indictment), he still pleaded to the conspiracy. And, he argued, he was not regularly involved in the daily activities of the other co-conspirators.

Defendant failed to identify the other conspirators less culpable than he, and on reviewing the record and having previously sentenced five defendants in this case, it did not appear to me that defendant was substantially less culpable than the average participant. Rather, he appeared to <u>be</u> an average participant. The government intercepted fifty-seven drug-related calls between defendant and Javier Aguilera, nearly twice as many as Jose Aguilera and nearly three times as many as Francisco Aguilera, both of whom also obtained cocaine from Javier Aguilera and both of whom I sentenced to 60 months imprisonment. Unlike those two, defendant further assisted Javier Aguilera by re-rocking cocaine and also

2

discussed providing a gun. Like the other defendants I had already sentenced in this case – Javier and Francisco Aguilera, Leonardo Urbina and Federico Meza – defendant typically obtained ounce or multi-ounce quantities. Aside from his additional conduct in "re-rocking" cocaine for Javier Aguilera, which probably made him more culpable, defendant appeared to be on par with these defendants, an average participant. Defendant was clearly more culpable than Kayla Lapp, whose primary role was to allow Javier Aguilera to store cocaine at her home, and whom I sentenced to probation.

Defendant noted that § 3B1.2 permits a reduction even when the defendant is held responsible only for the cocaine he personally handled. See U.S.S.G. § 3B1.2 cmt. n.3(A). That the guideline does not <u>forbid</u> a role reduction under such circumstances does not mean that the defendant is affirmatively entitled to one; he must under those circumstances still demonstrate an inferior role in the particular relevant conduct for which he is being held accountable. See <u>United States v. Williams</u>, 302 F. Supp. 2d 945, 950 n.5 (E.D. Wis. 2004). Defendant failed to make that showing here. See <u>United States v. Rodriguez-Cardenas</u>, 362 F.3d 958, 960-61 (7th Cir. 2004) (affirming denial of § 3B1.2 reduction where defendant, held responsible only for the drugs he carried, failed to demonstrate a lower level of culpability than his co-conspirator regarding that conduct). I considered this argument more generally under 18 U.S.C. § 3553(a), but defendant demonstrated no entitlement to a role reduction under U.S.S.G. § 3B1.2.

I therefore adopted a final offense level of 23. Coupled with his undisputed criminal history category of V, the guidelines recommended 84-105 months imprisonment.

3

## II. SENTENCE

**A.    Section 3553(a) Factors**

In the imposing the ultimate sentence, the court must consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). The court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007).

4

**B. Analysis**

    **1. The Offense**

In August 2005, the government began investigating a cocaine distribution organization in the Waukesha, Wisconsin area, which led to the issuance of several wiretaps. Through these interceptions, the government learned that defendant purchased cocaine from and re-rocked cocaine for Javier Aguilera.[1] During the monitoring of Aguilera's phone in July and August 2006, agents intercepted about fifty-seven drug-related calls between the two, including a call on August 22, 2006, in which the two discussed "turning 5 into 10" after Aguilera apparently lost some drugs in a police raid. Aguilera initially supplied defendant with one ounce quantities, which later increased to three or four ounces. Defendant also discussed the sale of firearms to Aguilera. As noted, the parties agreed that defendant should be held responsible for a total of 500 grams to 2 kilograms of cocaine.

    **2. The Defendant**

Defendant was twenty-five years old, with a fairly significant record including juvenile adjudications for drug possession and trespass; and adult convictions for possession of THC, possession of THC – 2d offense, fleeing, felony bail jumping and drunk driving. He was on state probation for the fleeing case when he committed the instant offense, yet for some reason was not revoked, despite doing pretty poorly on supervision otherwise. Defendant presented mitigating circumstances related to some of these convictions, but he had nevertheless compiled a substantial number of contacts at a young age.

Defendant had a rough childhood: his parents separated, his father drank and both his

---

[1]To "re-rock" cocaine means to add a dilutant to increase its volume.

5

father and his step-father were abusive. Defendant started drinking and smoking marijuana in his teens, and several of his prior contacts appeared to stem from substance abuse. He admitted hanging around a gang and never held a steady job.

The record did contain some positives. Defendant's sister indicated that he protected her from their father. After being expelled from high school he earned his GED in 2004 and his HSED in 2007. Defendant had been in a stable relationship for three years. He also had a five year old daughter from a previous relationship, and it appeared that he was involved in the child's life prior to being remanded into custody in this case. He did well on pre-trial release prior to remand, with all negative drug screens. He also attempted to cooperate with the government in this case.

### 3. Guidelines and Purposes of Sentencing

The guidelines called for a term of 84-105 months, and the statute required at least 60 months. Defendant requested a sentence at the statutory minimum, while the government advocated a sentence at the low end of the guideline range.

Under all of the circumstances, I found a sentence of 70 months sufficient but not greater than necessary. The offense was serious, and there was a suggestion that defendant offered to obtain a gun for Javier Aguilera. However, it also appeared that he primarily worked at Javier's direction and that he was not a significant dealer in his own right. Therefore, 70 months was sufficient to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

There was some need to protect the public given defendant's record, but with the substance abuse treatment he could obtain in the Bureau of Prisons I found that such risk could be reduced somewhat. See 18 U.S.C. § 3553(a)(2)(C). Defendant had never been to prison before, so this term was sufficient to deter him from re-offending. See 18 U.S.C. §

6

3553(a)(2)(B). I also considered the fact that he attempted to cooperate with the government and provided a debrief early in the case, as well as his good conduct on pre-trial release and the numerous certificates he earned while confined at the Waukesha County Jail, all of which suggested that he was on the path towards better conduct in the future. See, e.g., United States v. Severino, 454 F.3d 206, 211 (3rd Cir. 2006) (holding that under Booker the court may grant consideration for enhanced acceptance of responsibility beyond that provided for in U.S.S.G. § 3E1.1).

In addition to highlighting his efforts at self-improvement, defendant noted that I had previously imposed sentences 60 months on Jose and Francisco Aguilera, co-defendants who also obtained between 500 grams and 2 kilograms of cocaine from Javier Aguilera. However, defendant was not comparable to these co-defendants, who had less significant records and who did not assist Javier Aguilera enhance his product at this defendant did. For these reasons, I concluded that although a below-range sentence would be sufficient, a sentence at the statutory minimum was not appropriate.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 70 months. This sentence varied from the guidelines by just 2 levels and was supported by the specific facts discussed herein, so it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). I stated that the sentence would have been the same regardless of my findings on the guidelines.

I recommended that defendant participate in any substance abuse treatment programs available, including the 500 hour program, as well as any vocational training programs available. On release, I ordered him to serve four years of supervised release, with a drug

7

Case 2:06-cr-00336-LA    Filed 10/15/08    Page 7 of 8    Document 561

aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge